IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DERRICK LEE BILLUPS,

      Petitioner,                    No. CIV S-05-0177 FCD DAD P

   vs.

MATTHEW C. KRAMER, et al.,

      Respondents.               ORDER

_____/

      Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to this court's order filed February 4, 2005, petitioner has submitted a properly completed application to proceed in forma pauperis.

      Examination of the in forma pauperis application form and the verification form previously submitted reveals that petitioner is unable to afford the costs of this suit.  Accordingly, petitioner's application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

      Petitioner attacks two disciplinary convictions that resulted in lost time credits. Petitioner alleges that both rule violation reports were retaliatory and violated the Fourteenth Amendment right to due process.  Petitioner also alleges a violation of his First Amendment right to seek redress.  Since petitioner may be entitled to relief if the claimed violations are proved, respondents will be directed to file a response to petitioner's habeas petition.

1    Petitioner has included in his habeas petition a request for appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Counsel may be appointed at any stage of the proceedings "if the interests of justice so require." 18 U.S.C. § 3006A; Rule 8(c), Fed. R. Governing § 2254 Cases. The interests of justice do not require appointment of counsel in this case at the present stage of the proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's February 9, 2005 application to proceed in forma pauperis is granted;

2. Petitioner's request for appointment of counsel is denied;

3. Respondents are directed to file and serve a response to petitioner's habeas petition within thirty days from the date of this order. See Rule 4, Fed. R. Governing § 2254 Cases. An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition. See Rule 5, Fed. R. Governing § 2254 Cases;

4. If the response to the habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer;

5. If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondents' reply, if any, shall be filed and served within fifteen days thereafter; and

6. The Clerk of the Court shall serve a copy of this order together with a copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Jennifer A. Neill, Senior Assistant Attorney General.

DATED: May 20, 2005.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
bill0177.100

2